**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MICASH, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| **NETSPEND CORPORATION** | § | |
| | § | |
| Defendant. | § | Jury Trial Requested |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR PATENT INFRINGEMENTAND DEMAND FOR JURY TRIAL**

Plaintiff MiCash, Inc. files this Original Complaint for Patent Infringement and Demand for Jury Trial against Defendant NetSpend Corporation and alleges as follows:

## I.
## PARTIES

1. Plaintiff MiCash, Inc. ("MiCash") is a Delaware corporation with its principal place of business in Washington, D.C.

2. On information and belief, Defendant NetSpend Corporation ("NetSpend") is a Delaware corporation with its principal place of business in 701 Brazos Street, Suite 1300, Austin, Texas 78701. NetSpend may be served with process by serving its registered agent in the State of Texas, CT Corp., 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

## II.
## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has original and exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant NetSpend regularly transacts business in and has committed and/or induced acts of patent infringement within the State of Texas and, upon information and belief, within the Eastern District of Texas. Defendant NetSpend is, therefore, subject to the personal jurisdiction of this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

### III.
### PATENT INFRINGEMENT

6. United States Patent No. 7,258,274 (the "'274 Patent") entitled "Money Remittance Method" was duly and legally issued by the United States Patent and Trademark Office on August 21, 2007, after full and fair examination. MiCash is the assignee of all rights, title, and interest in and to the '274 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '274 Patent.

7. Defendant NetSpend is a provider of prepaid debit card products and services throughout the United States, including this judicial district. On information and belief, Defendant NetSpend, by using, providing, selling, or offering to sell in the United States, without authority from MiCash, its prepaid debit card products and services, including, without limitation, its NetSpend Visa prepaid debit card and its ACE Elite Visa prepaid debit card, which permit and authorize transfers of funds between prepaid debit cards, has directly and indirectly infringed (by inducement) and is continuing to infringe, directly and indirectly, one or more claims of the '274 Patent, including at least claim 1, within the United States.

### IV.
### CAUSES OF ACTION
Count One – Infringement of '274 Patent

8. Plaintiff MiCash re-alleges and incorporates by reference paragraphs 1-7 above.

9. Defendant NetSpend has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '274 Patent by, among other things, using, selling, or offering to sell its prepaid debit card services, including, without limitation, its NetSpend Visa prepaid debit card and its ACE Elite Visa prepaid debit card, which permit and authorize transfers of funds between prepaid debit cards, that which practice one or more of the claims of the '274 Patent, including at least claim 1, in violation of 35 U.S.C. § 271.

## V.
## REMEDIES

10. As a direct and proximate consequence of the acts and practices of Defendant NetSpend in infringing and/or inducing the infringement of one or more claims of the '274 Patent, MiCash has been damaged in an amount to be determined at trial and will continue to be damaged in its business and property rights as a result of Defendant NetSpend's infringing activities, unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, MiCash is entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

11. By reason of its infringing acts and practices, Defendant Netspend has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to MiCash for which there is no adequate remedy at law, and for which MiCash is entitled to injunctive relief under 35 U.S.C. § 283. MiCash therefore requests a permanent injunction prohibiting Defendant Netspend, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '274 Patent, including

the use, sale, offer for sale, distribution, or promotion of products or services falling within the scope of the '274 Patent.

12. To the extent that facts learned during the pendency of this case show that Defendant NetSpend's infringement is, or has been, willful and deliberate, MiCash reserves the right to amend this complaint and request a finding of willfulness and seek appropriate relief at time of trial.

## VI.
## COSTS, INTEREST AND ATTORNEYS' FEES

13. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285. MiCash requests the Court award it all reasonable attorneys' fees and costs incurred in this litigation and pre- and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

## VII.
## JURY DEMAND

14. MiCash requests a jury trial of all issues in this action so triable.

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff MiCash respectfully requests the following relief:

1. A judgment that Defendant NetSpend has infringed, directly and/or indirectly, the '274 Patent;

2. A judgment and order permanently enjoining Defendant NetSpend and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '274 Patent, including the use, sale, offer for sale, distribution, or promotion of

products or services falling within the scope of the '274 Patent pursuant to 35 U.S.C. § 283;

3. A judgment and order requiring Defendant NetSpend to pay MiCash damages sufficient to compensate MiCash for the infringement of the '274 Patent, in an amount not less than MiCash's lost profits and/or a reasonable royalty and interest and costs pursuant to 35 U.S.C. § 284 together with supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

4. A judgment and order awarding enhanced damages, pursuant to 35 U.S.C. § 284, if and to the extent that Defendant NetSpend's acts of infringement of the '274 Patent are determined to be willful;

5. An award of prejudgment interest pursuant to 35 U.S.C. § 284 from the date of each act of infringement of the '274 Patent by Defendant NetSpend until judgment for damages is entered, and a further award of post-judgment interest pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

6. An award of all costs and reasonable attorneys' fees against Defendant NetSpend, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the '274 Patent;

7. Such other and further relief to which MiCash may be entitled.

DATED:  April 23, 2012                              Respectfully submitted,

By:

  /s/ Anthony J. Magee
G. Michael Gruber
Texas State Bar No. 08555400
mgruber@ghjhlaw.com
Anthony J. Magee
Texas State Bar No. 00786081
amagee@ghjhlaw.com
William S. Richmond
Texas State Bar No. 24066800
brichmond@ghjhlaw.com

**GRUBER HURST JOHANSEN HAIL SHANK LLP**
1445 Ross Ave., Suite 2500
Dallas, Texas 75202
Telephone: (214) 855-6800
Facsimile: (214) 855-6808

Andrew W. Spangler
Texas State Bar. No. 24041960
spangler@sfipfirm.com

**SPANGLER & FUSSELL P.C.**
208 N. Green St., Suite 300
Longview, Texas 75601
Telephone: (903) 753-9300
Facsimile: (903) 553-0403

**COUNSEL FOR PLAINTIFF MICASH, INC.**